## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is executed by and between Ja'Shanna Jones-Booker ("Jones-Booker"), on the one hand, and The Board of Trustees of the Bridgeton Public Charter School ("Board"), Bridgeton Public Charter School ("BPCS"), and Cumberland County Charter School Network ("CCCSN"), on the other hand. In this Agreement, "Releasees" refers to the Board, BPCS and CCCSN, and their past, present, and future parents, divisions, subsidiaries, and affiliates, predecessors, successors and assigns, and each of their past, present, and future trustees, directors, members, partners, officers, shareholders, insurers, employees (excluding Jones-Booker), agents, servants, attorneys, and representatives.

**WHEREAS** Jones-Booker formerly was employed by BPCS;

**WHEREAS** Jones-Booker filed a Complaint against the Board, BPCS and CCCSN related to her employment with BPCS in the Superior Court of New Jersey, Camden County, Law Division, Civil Action No. L-1210-19 (the "Litigation");

**WHEREAS** the Releasees deny and continue to deny the material allegations in the Litigation;

**WHEREAS** the parties mutually desire to settle the Litigation as well as any and all disputes between them, which settlement shall not be deemed or construed to be an admission of liability or wrongdoing as to any matters whatsoever, and to enter into this Confidential Settlement Agreement and General Release of Claims (the "Agreement");

**IT IS HEREBY AGREED** among the parties as follows:

### TERMS

1.  **Employment Status.** The parties agree that Jones-Booker's employment with BPCS has been permanently and irrevocably severed. Jones-Booker also agrees that she will never apply for or otherwise seek employment or reemployment with BPCS, or any of the Releasees. Jones-Booker further agrees that BPCS, and the Releasees have no obligation to employ, rehire, reemploy, recall or hire her in the future and that this Agreement is sufficient and appropriate justification for denying employment or re-employment and for terminating Jones-Booker's employment should she be rehired. By virtue of this settlement, Jones-Booker acknowledges that she has received all wages, bonuses, and other benefits and compensation due to her as a result of her employment with BPCS.

2.  **Release.** Jones-Booker, for and in consideration of the undertakings of BPCS, The Board and CCCSN set forth in Paragraph 3 herein, and intending to be legally bound, does hereby REMISE, RELEASE AND FOREVER DISCHARGE each of the Releasees from all actions, suits, claims and demands in law or equity, the individual Releasees being released in their individual and corporate capacities, whether known or unknown, that she ever had, now has, or hereafter may have, from the beginning of time to the date of this Agreement.

(a)     This release includes but is not limited to all claims which were or could have been alleged in the Litigation and all claims relating to Jones-Booker's employment and/or cessation of employment, including but not limited to claims of wrongful termination, retaliation, breach of express or implied contract, fraud, misrepresentation, negligent and/or intentional infliction of emotional distress, claims of wrongful termination, retaliation, harassment and/or discrimination, lost wages, compensation of any nature, personal injury, claims of reputational injury and/or defamation, as well as any claims under:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981-1988 of Title 42 of the United States Code, as amended;
- The Employment Retirement Income Security Act of 1974, as amended;
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Workers' Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Older Workers Benefits Protection Act;
- The Equal Pay Act;
- The Family Medical Leave Act
- The Fair Labor Standards Act;
- The New Jersey Law Against Discrimination;
- The New Jersey Family Leave Act;
- The New Jersey State Wage and Hour Law;
- The New Jersey and Federal Conscientious Employee Protection Acts;
- The New Jersey Equal Pay Law;
- The New Jersey and Federal Constitutions,
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort or common law; or
- Any theories now or hereafter recognized;

that she, her heirs, administrators, executors, personal representatives, beneficiaries, and assigns may have against Releasees. These claims shall be referred to as the "Released Claims."

(b)     This release also includes claims which Jones-Booker may have for any type of damages cognizable under any of the laws referenced herein, including, but not limited to, any and all claims for economic and/or non-economic damages, compensatory damages, punitive damages, and attorneys' fees and costs.

(c)     **Unknown Claims.** Jones-Booker understands and agrees that the Released Claims are intended to and do include any and all claims of every nature and kind whatsoever (whether known, unknown, suspected, or unsuspected and whether pursuant to any law or cause of action presently in effect or which may be enacted or created in the future) which she has or may have against the Releasees, individually or collectively. Jones-Booker further acknowledges that she may hereafter discover facts different from or in addition to those which she now knows or believes to be true with respect to the Released Claims and agrees that, in such

event, this Agreement shall nevertheless be and remain effective in all respects, notwithstanding such different or additional facts, or the discovery thereof.

(d)     **No Assignment or Transfer of Released Claims.** Jones-Booker represents and warrants that Jones-Booker has not assigned, transferred, or hypothecated, or purported to assign, transfer, or hypothecate, to any person, firm, corporation, association, or entity whatsoever any of the Released Claims. Jones-Booker hereby agrees to indemnify and hold harmless Releasees against, without limitation, any and all rights, claims warranties, demands, debts, obligations, liabilities, costs, expenses (including attorneys' fees), causes of action, and judgments based on, arising out of, or connected with any such transfer, assignment, or hypothecation, or purported transfer, assignment, or hypothecation.

(e)     Jones-Booker promises and agrees not to commence, prosecute or cause or permit to be commenced or prosecuted against the Releasees any action or proceeding based upon any claim, demand, cause of action, obligation, damage or liability that is the subject matter of this Agreement, subject to applicable law. Jones-Booker represents and agrees that, other than the Litigation, she has not and will not make or file or cause to be made or filed any claim, charge, allegation or complaint, whether formal or informal, or information with any governmental or administrative agency, department, division or court, whether federal, state or local, subject to applicable law.

(f)     Jones-Booker also agrees that this release should be interpreted as broadly as possible to achieve her intention to waive all of her claims against the Releasees.

(g)     **Claims Not Released.** Notwithstanding any other provision of this Release, the following are **not** barred by the Release: (a) claims relating to the validity of this Agreement; (b) claims by either party to enforce this Agreement; (c) claims that legally may not be waived (d) claims arising after the execution of this Agreement that are not encompassed by the Released Claims.

3.     **Consideration**.     In full consideration of Jones-Booker entering into this Agreement, and on account of Jones-Booker's claims for emotional distress and other emotional damages, the Releasees will make a "Settlement Payment" of $27,500.00, delivered in one check payable to "Ja'Shanna Jones-Booker and Law Office of Eric A. Shore." (Form 1099 reporting). The check shall be delivered shall be delivered to: Toni Telles, Esquire, Law Offices of Eric A. Shore, 201 Laurel Rd., 8th Floor, Voorhees, NJ 08043.

Jones-Booker will complete a Form W-9, will direct her attorney to complete a Form W-9, and will direct her attorney to provide the completed forms to Regina M. Philipps, Esquire at Madden & Madden, P.A., 108 Kings Highway East, Suite 200, Haddonfield, NJ 08003, at the same time she returns an original signed copy of this Agreement. The settlement check will be delivered within 14 days of Releasees' counsel's receipt of the Agreement fully executed by Jones-Booker, the executed Stipulation of Dismissal (which shall be held in escrow by Regina M. Philipps, Esquire at Madden & Madden, P.A., until Releasees payment clears), the W-9 Forms, and a child support judgment search.

3

This Settlement Payment describes valuable consideration to which Jones-Booker would not otherwise be entitled. Jones-Booker understands and agrees that the Settlement Payment includes and encompasses any and all claims with respect to attorneys' fees, costs, and expenses for or by any and all attorneys who have represented her or with whom she has consulted or who have done anything in connection with the Litigation and/or the Released Claims.

4. **OWBPA.** The release in Paragraph 2 of this Agreement includes a waiver of all Claims against the Releasees under the Age Discrimination in Employment Act ("ADEA") and the Older Workers Benefit Protection Act ("OWBPA"). Therefore, pursuant to the requirements of the ADEA and OWBPA, Jones-Booker specifically acknowledges the following:

(a)       that she has been advised to consult with an attorney of her choosing concerning the legal significance of this Agreement and has done so;

(b)       that this Agreement is written in a manner that she understands;

(c)       that the consideration set forth in Paragraph 3 of this Agreement is adequate and sufficient for her entering into this Agreement and consists of benefits to which she is not otherwise entitled; and

(d)       that she has been afforded twenty-one (21) days within which to consider this Agreement before executing this Agreement and that any changes to this Agreement subsequently agreed upon by the parties, whether material or immaterial, do not restart this period for consideration, and that if she elects not to take the twenty-one (21) days, she has done so voluntarily and with the full understanding that she is waiving her statutory right to do so; and

(e)       that if she chooses to execute this Agreement, she has the right to revoke her acceptance at any time within seven (7) days of the date on which she signed the Agreement, and that any revocation within the applicable seven (7) day period must be signed and submitted in writing and to the attention of Regina M. Philipps, Esquire at Madden & Madden, P.A., 108 Kings Highway East, Suite 200, Haddonfield, NJ 08003 and state, "I hereby revoke my acceptance of our Agreement."

**IRS Issues.** The parties acknowledge that this settlement is not conditioned or contingent upon the tax consequences, or lack thereof, associated with Jones-Booker's receipt of the Settlement Payment. Further, Jones-Booker understands and agrees that the Releasees have not withheld any amount from the Settlement Payment for federal, state, or local taxes or other withholdings. As required by law, BPCS will issue the appropriate IRS Form 1099 in connection with the payment referenced in Paragraph 3 at the appropriate time. The Releasees make no representations or warranties regarding any tax issues for any payment provided for in this Agreement, and Jones-Booker acknowledges that she has not relied upon any advice from the Releasees concerning tax liability, if any, for the amounts to be paid under this Agreement. Jones-Booker also acknowledges that she is responsible for any and all tax liability or consequences which may be assessed arising from the payment and characterization of these

proceeds, and Jones-Booker agrees to defend and indemnify and hold the Releasees harmless against any and all tax liability, interest, and/or penalties with respect to the Settlement Payment.

5. **No Future Payments Except Those Described Herein**. Except as set forth in this Agreement, it is expressly agreed and understood by the parties that the Releasees do not have, and will not have, any obligation to provide Jones-Booker at any time in the future with any payments, benefits, or consideration other than that set forth in Paragraph 3 above.

6. **Non-Admissions**. The Releasees and Jones-Booker agree and acknowledge that this Agreement is not to be construed as an admission by the Releasees of any violation of any federal, state or local statute, ordinance or regulation, constitutional right, public policy, common law duty or contractual obligation. The Releasees specifically deny that they engaged in any wrongdoing.

7. **Confidentiality**. Jones-Booker represents that she has and will keep the terms of this Agreement and all matters concerning or relating to the settlement in strictest confidence, including the substance of the negotiations leading up to the settlement, and not disclose them to anyone, except as follows: (1) if she is required to reveal such information pursuant to legal process or by a regulatory body or agency, subject to the Releasees' rights detailed below; (2) Jones-Booker may disclose the financial terms of the Agreement to her attorney, financial advisor/auditor/accountant, and tax authorities if necessary after first obtaining that individual's agreement to keep the information confidential and not disclose it to others; and (3) Jones-Booker may disclose the terms of the Agreement to her husband, provided she first obtains his agreement to keep the information confidential and not disclose it to others. **Although the parties may have agreed to keep the settlement and underlying facts confidential, such provision is unenforceable against the employer if the employee publicly reveals sufficient details of the claim so that the employer is reasonably identifiable.**

8. **Jones-Booker will say nothing about this Agreement, the Litigation or the Released Claims to any past, present or future employees of BPCS, the Board and/or CCCSN.** If Jones-Booker is asked about the Litigation or this Agreement, she may only respond, **"The matter has been resolved."** If Jones-Booker, or anyone to whom she has disclosed the information protected by this paragraph, breaches this confidentiality provision, she must immediately return to BPCS $15,000.00 of the Settlement Payment, as described in Paragraph 3 above, and in addition, Jones-Booker shall be liable to the Releasees for actual damages resulting from the breach.

Should Jones-Booker be requested to disclose the confidential terms and matters addressed in the Agreement in connection with any judicial, administrative or other proceeding, she agrees immediately to notify the Releasees of the request by sending such notification in writing by First Class Mail to the attention of Regina M. Philipps, Esquire at Madden & Madden, P.A., 108 Kings Highway East, Suite 200, Haddonfield, NJ 08003. Jones-Booker further agrees that the Releasees have standing to object to the disclosure on Jones-Booker's behalf, as well as on their own behalf. Assuming the Releasees object to the request, Jones-Booker agrees to await the final outcome of the objection before making any disclosures about this Agreement or its terms.

9. **Non-Disparagement**. The parties agree that they will refrain from making any derogatory or disparaging statements about one another to any person or entity, and they specifically agree that each will refrain from making any derogatory or disparaging statements about Jones-Booker, BPCS, the Board, and CCCSN, or the business practices or operations of BPCS, the Board and/or CCCSN, to any person or entity.

10. **Neutral Reference**. BPCS, the Board and CCCSN agree that, if and when contacted by prospective employers concerning Jones-Booker, they will provide only the dates of her employment and her last position held.

11. **Medicare**.

(a)     This settlement is based upon a good faith determination of the parties to resolve a disputed claim. The parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The parties resolved this matter in compliance with both state and federal law. The parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

(b)     Jones-Booker and her counsel warrant that Jones-Booker is not a Medicare beneficiary as of the date of this Agreement with respect to any claims asserted in the Litigation; thus, no conditional payments have been made by Medicare.

(c)     While it is impossible to accurately predict the need for medical treatment, this settlement is based upon a good faith determination of the parties in order to resolve a disputed claim. The parties have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. § 1395y(b). The parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services (CMS) or Medicare on this settlement, or Jones-Booker's eligibility or entitlement to Medicare or Medicare payments, will not render this Agreement void or ineffective, or in any way affect the finality of this settlement.

12. **Dismissal of the Litigation**. The parties agree that their legal counsel will sign the stipulation attached to this Agreement, dismissing the Litigation with prejudice. Jones-Booker will instruct her counsel to sign the stipulation and return it to the Releasees' counsel. Counsel for Releasees agrees to hold the stipulation in trust and not file it with the Court until counsel for Releasees releases the Settlement Payment to Jones-Booker's counsel.

13. **Consideration Period.** Jones-Booker acknowledges that she has been provided with a reasonable period of time to consider the terms of this offer. By signing and returning this Agreement, Jones-Booker acknowledges that the consideration period afforded her a reasonable period of time to consider fully each and every term of this Agreement, including the General Release of Claims, and that she has given the terms full and complete consideration.

14. **Governing Law**. This Agreement shall be executed and delivered in the State of New Jersey. All provisions hereof and all rights, obligations and liabilities arising hereunder shall be construed in accordance with the laws of the State of New Jersey, except if preempted

by federal law. Any action to enforce the terms of this Agreement shall be filed in the State of New Jersey only.

15. **Waiver**. If any party, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

16. **Successor and Assigns**. This Agreement is binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal or legal representatives, successors and/or assigns.

17. **Severability**. If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, the remaining provisions shall not be affected thereby and shall remain in full force and effect.

18. **Integration and Modification**. The parties hereto acknowledge that this Agreement constitutes a full, final, and complete settlement of their differences and supersedes and replaces any and all other written or oral exchanges, agreements, understandings, arrangements, or negotiations between or among them relating to the subject matter hereof, and affirmatively state that there are no other prior or contemporaneous agreements, exchanges, representations, arrangements, or understandings, written or oral, between or among them relating to the subject matter hereof other than that as set forth herein, and that this Agreement contains the sole and entire Agreement between them with respect to the subject matter hereof. This Agreement contains all of the promises and understandings of the parties. There are no other agreements or understandings except as set forth herein, and this Agreement may be amended only by a written agreement signed by the parties, which agreement shall specifically reference this Agreement and the provision which the parties intend to waive or modify.

19. **Counterparts.** This Agreement may be executed in any number of counterparts and each such counterpart shall have the same force and binding effect as if executed by all parties.

20. **Acknowledgement**. Jones-Booker acknowledges that:

(a)     Neither the Releasees, nor their agents, representatives or employees have made any representations to her concerning the terms or effects of this Agreement, other than those contained in the Agreement;

(b)     She has the intention of releasing all claims recited herein in exchange for the payments and other consideration described herein, which she acknowledges as adequate and satisfactory to her and in addition to anything to which she otherwise is entitled;

(c)     She has no past-due obligations for child support payments under N.J.S.A. 2A:17-56.23b(a);

(d)     No Medicare or Medicaid payments have been made to or on behalf of Jones-Booker relating to the claims asserted in the Litigation, and no liens, claims,

demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to her employment with BPCS;

      (e)      She has been given a reasonable period of time to consider the terms of this Agreement;

      (f)      She has been advised and given an adequate amount of time to review this Agreement and has reviewed this Agreement with her counsel; and

      (g)      She is competent to understand the contents and effect of this Agreement and that her decision to enter into this Agreement has not been influenced in any way by fraud, duress, coercion, mistake or misleading information.

21.    **Certification of Understanding and Competence**. Jones-Booker acknowledges (a) that she is competent to understand the content and effect of this Agreement; (b) that she understands that by entering into this Agreement, she is releasing forever the Releasees from any claim or liability (including claims for attorney's fees and costs) arising from her employment relationship with BPCS; (c) that she is entering into this Agreement of her own free will in exchange for the consideration to be given to her as listed in Paragraph 3, above, which she agrees is adequate and satisfactory; and (d) that BPCS, the Board and CCCSN and the Releasees have not made any representations to her concerning the terms or effects of this Agreement, other than those contained in the Agreement.

    **IN WITNESS THEREOF,** the parties have executed this Agreement on the date shown below.

Dated: _____

                                  JA'SHANNA JONES-BOOKER

                                  Sworn to and subscribed to before me on this \_\_\_\_\_ day of _____, 2019.

                                  NOTARY PUBLIC

BRIDGETON PUBLIC CHARTER SCHOOL; THE BOARD OF TRUSTEES OF THE BRIDGETON PUBLIC CHARTER SCHOOL; CUMBERLAND COUNTY CHARTER SCHOOL NETWORK

Dated: _____       By: _____

Sworn to and subscribed to before me on this _____ day of _____, 2019.

_____
NOTARY PUBLIC

9

**MADDEN & MADDEN, P.A.**
**Michael P. Madden, Esquire  280721972**
**Regina M. Philipps, Esquire  023412011**
A Professional Corporation
108 Kings Highway East - Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033
(856)428-9520
Attorneys for Defendants, Bridgeton Public Charter School and the Board of Trustees of the
Bridgeton Public Charter School

| | |
|---|---|
| JASHANNA JONES-BOOKER<br><br>Plaintiff(s)<br><br>vs.<br><br>BRIDGETON PUBLIC CHARTER<br>SCHOOL; THE BOARD OF<br>TRUSTEES OF THE<br>BRIDGETON PUBLIC CHARTER<br>SCHOOL; and JOHN DOES 1-20<br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO. CAM-L-1210-19<br><br>CIVIL ACTION<br><br>**STIPULATION OF DISMISSAL** |

The matter in difference in the above-entitled action having been amicably adjusted by

and between the parties, it is hereby stipulated and agreed that same be and hereby is dismissed

without costs against either party and with prejudice.


MADDEN & MADDEN, P.A.                         Law Offices of Eric Shore
Attorneys for Defendants                            Attorneys for Plaintiff


_____                    _____
Regina M. Philipps, Esquire                        Toni L. Telles, Esquire